Andrew **ABRAMOVICH** et al.,

v.

Ferdinand **BIONAZ** et al.

Civ. A. No. 70–1134.

United States District Court,
W. D. Pennsylvania,
Pittsburgh Division.

April 29, 1971.

Thomas Livingston, Pittsburgh, Pa., for plaintiffs.

Curtis Pontz, Asst. Deputy Atty. Gen., Harrisburg, Pa., for defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

KNOX, District Judge.

In this proceeding, sixty-eight members of a labor organization, not certified as a representative of the workers of the employer in question, have filed a complaint seeking relief under the Civil Rights Act, 42 U.S.C. § 1983. Each of the plaintiffs have been arrested and charged in Cambria County, Pennsylvania, with engaging in an "unlawful assembly" in violation of the Act of June 24, 1939, P.L. 872, § 401, Act of July 29, 1953, P.L. 1420, § 1, 18 P.S. § 4401. Defendants are the District Attorney of Cambria County, the Attorney General of the Commonwealth of Pennsylvania, the Commissioner of the Pennsylvania State Police, a Justice of the Peace, and numerous officers of the Pennsylvania State Police.

The complaint as originally filed asked for the empanelling of a three-judge district court to declare the above-recited Pennsylvania Act of Assembly unconstitutional. This was denied on October 22, 1970, by the Honorable Wallace S. Gourley, Senior District Judge of this court, for the reason that there was no substantial basis for the attack on the constitutionality of the Statute which had previously been held valid by a three-judge court in the Eastern District of Pennsylvania, Heard v. Rizzo, 281 F.Supp. 720 (E.D.Pa.1968) aff'd per curiam 392 U.S. 646, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968).

The defendants had filed a Motion to Dismiss and the case including the Motion to Dismiss was assigned to this member of the court for disposition.

The defendant's Motion to Dismiss was initially denied for the reason that it appeared that the decision of the Court of Appeals for the Third Circuit in Ascheim v. Quinlan, (3 Cir. Sept. 10, 1970, Nos. 19,076–19,080) (1970) demanded an evidentiary hearing. Evi-

dentiary hearings were held and later the plaintiffs took depositions of certain of the defendants. At one hearing, motion pictures were shown to the court of the events which took place at a mine in Cambria County, Pennsylvania, on August 18 and 19, 1970, when plaintiffs allegedly were engaged in a peaceful demonstration or picketing a coal mine. These motion pictures showed a large number of men congregated around the mine. While in many of the pictures, the men were shown in innocent situations such as eating, standing or sitting around or drinking beer, taken collectively and in the light of the incidents which occurred the following inferences could be drawn from the evidence:

1. Concerted efforts to destroy mine buildings by burning;

2. Congregating in such large numbers that the state police, attempting to keep order, were overwhelmed;

3. Rescue of persons arrested by the state police including one in handcuffs;

4. Pursuit of state police endeavoring to apprehend one of the members of the crowd;

5. Rescue of a prisoner in a state police car by threats to turn it over;

6. Specific threats by certain persons to destroy the mine buildings and put the company out of business and its employees out of work;

7. Preventing fire trucks from reaching the scene to extinguish fires by congregating in front of the fire trucks and threatening the firemen with violence;

8. Setting a series of fires over a period of 24 hours culminating in the burning of the main coal tipple itself;

9. Pushing trucks downgrade and setting them on fire;

10. Widespread consumption of beer furnished from a truck at the scene which may have accentuated the disorders;

11. Making an attempt to rush the coal tipple which was repulsed;

12. Subsequently engaging in a confrontation with the police at the front of the tipple which served as a distraction while other persons ran to the back of the tipple and set it on fire resulting in destruction of the property and machinery worth hundreds of thousands of dollars;

13. Having a truck with sandwiches situated at the rear of the property where members of the group were served sandwiches which truck also contained a five-gallon can of gasoline used for setting fires.

In its totality, the evidence showed prima facie that an unlawful assembly had occurred in violation of the Act of Assembly in question.

Many of the plaintiffs herein were seen in the pictures and identified by the state police as participants. It would appear that some of the plaintiffs may not have been positively identified.

At the time this suit was brought and hearings were held, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965) was the applicable decision of the U. S. Supreme Court to be applied to this type of case. Under this case, for plaintiffs in a civil rights action of this type to succeed in enjoining a state criminal prosecution, plaintiffs had to show:

(1) Bringing of prosecution in bad faith with no intention of pressing the charges and without any expectation of obtaining convictions and with the knowledge that plaintiffs had not violated any law, and

(2) that the investigation and threatening prosecution, if any, of the plaintiffs inhibited their rights to free speech in some significant manner. (This would also cover freedom of assembly under the First Amendment.) See National Land & Investment Co.

v. Specter, 304 F.Supp. 1004 (E.D.Pa. 1969).

The record in this case indicates that preliminary hearings upon these charges were held before a justice of the peace in Cambria County and the plaintiffs were bound over to await the action of the grand jury although no temporary restraining order was issued. The district attorney has commendably withheld presenting the cases to the grand jury pending the outcome of this case.

█ It is the opinion of the court that even under Dombrowski v. Pfister, supra, the plaintiffs would not make out a case justifying the intervention of this court by injunction in this state criminal prosecution. As above pointed out, a prima facie case in violation of the law was shown with justified expectation of securing convictions and it was not shown that these prosecutions in any way inhibited plaintiff's rights of freedom of speech or freedom of *peaceable* assembly.

██ Meanwhile, however, the powers of this court in this area have been further circumscribed by the decision of the U. S. Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 and its kindred, Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 and Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, decided February 23, 1971. In these cases, we are taught that under ordinary circumstances, we should not enjoin state criminal prosecutions even where chilling effects on First Amendment rights are claimed, since the state courts as well as the federal courts can be looked to in the first instance to enforce a defendant's constitutional rights. It is particularly directed that we should not *enjoin* a state prosecution begun prior to the federal suit unless irreparable injury is shown and the inconvenience and problems involved in defending a single criminal prosecution which are inherent in the defense of every criminal prosecution do not constitute irreparable injury for this purpose.

While in the instant case the state may have insufficient identification of certain of the defendants to succeed in their prosecution, nevertheless, this is a matter which is in the first instance for the Court of Common Pleas of Cambria County, which we assume as a responsible state tribunal will be as vigilant in protecting these defendants' rights as any other court will be. There is no indication in this case that these prosecutions were brought as the first of a repeated series or for the purpose of harrassing the defendants (plaintiffs herein) in the exercise of their First Amendment rights. For these reasons, the complaint must be dismissed and judgment entered in favor of the defendant.

In view of the fact that the findings of fact and conclusions of law sufficiently appear in this memorandum opinion, this will be determined as compliance with Rule 52(a).